O

# United States District Court
# Central District of California

PHARMACEUTICAL CARE
MANAGEMENT ASSOCIATION,

Plaintiff,

v.

ROB BONTA et al.,

Defendants.

Case № 2:26-cv-00012-ODW (MBKx)

**ORDER GRANTING MOTION TO DISMISS [27]; AND DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT [24] AND MOTION TO DENY OR DEFER MOTION FOR SUMMARY JUDGMENT [28]**

## I.   INTRODUCTION

Plaintiff Pharmaceutical Care Management Association ("PCMA") brings this action against Defendant Rob Bonta, in his official capacity as Attorney General of the State of California (the "State").  (First Am. Compl. ("FAC"), Dkt. No. 23.)  PCMA seeks to enjoin section 4441(c)(2) of the California Business and Professions Code ("Section 4441(c)(2)") as amended by California Senate Bill ("SB") 41 to impose fiduciary duties on pharmacy benefit managers ("PBMs") to a self-insured employer plan.  (*Id.*, Prayer for Relief.)  PCMA alleges that the Employee Retirement Income Securities Act of 1974 ("ERISA") preempts Section 4441(c)(2).  (*Id.* ¶¶ 58–61.)

The State moves to dismiss PCMA's First Amended Complaint for lack of Article III standing under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for

failure to state a claim under Rule 12(b)(6). (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 27.) PCMA also moves for summary judgment, (Mot. Summ. J., Dkt. No. 24), and the State asks the Court to deny or defer summary judgment under Rule 56(d), (Mot. Deny or Defer Summ. J., Dkt. No. 28). For the following reasons, the Court **GRANTS** the State's Motion to Dismiss for want of standing, **WITH LEAVE TO AMEND**. As a result, the Court **DENIES AS MOOT** PCMA's Motion for Summary Judgment and the State's Motion to Deny or Defer Summary Judgment **WITHOUT PREJUDICE**, pending an amended pleading.[1]

## II.   BACKGROUND[2]

### A.   PCMA and PBMs

PCMA is a national trade association. (FAC ¶ 10.) Its institutional mission is to advance the interests of PBMs; help PBMs improve the safety and affordability of prescription drug services; and advocate on behalf of PBMs before state and federal legislators, regulators, and courts. (*Id.* ¶ 13.) PBMs, PCMA's members, administer prescription-drug benefits for plans covering over 230 million individuals nationwide and contract with self-insured ERISA plans operating in California. (*Id.* ¶ 14.)

When a consumer fills a prescription at the pharmacy counter, the resulting transaction is the product of several preexisting contractual relationships. (*Id.* ¶ 35.) First, manufacturers produce and bring drugs to the market. (*Id.*) Next, wholesalers purchase drugs from manufacturers and distribute them to pharmacies, doctors, and hospitals. (*Id.*) When covered by a benefit plan, consumers have the advantage of negotiated prices with pharmacies and reimbursement of some or all remaining drug cost after their out-of-pocket cost. (*Id.*)

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] All factual references derive from PCMA's First Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Employers and multiemployer union trusts do not handle the design and administration of prescription-drug benefit plans.  (*Id.* ¶ 36.)  Most self-funded plan sponsors retain PBMs to provide recommendations for plan design, including what drugs the plan should cover, how much the plan will pay, and at which pharmacies beneficiaries can fill their prescriptions.  (*Id.* ¶ 39.)  PBMs are typically not named as fiduciaries in plan instruments.  (*Id.* ¶ 15.)  Instead, they follow the direction of plan fiduciaries regarding plan administration.  (*Id.* ¶ 17.)

**B.    SB 41**

On October 11, 2025, California Governor Gavin Newsom signed into law SB 41, which took effect on January 1, 2026, and amended Section 4441(c)(2).  (*Id.* ¶ 41.)  As amended, Section 4441(c)(2) provides that a PBM "has a fiduciary duty to a self-insured employer plan."  (*Id.* ¶ 42.)  This includes the duty "to be fair and truthful toward the client, to act in the client's best interests, to avoid conflicts of interest, and to perform its duties with care, skill, prudence, and diligence."  (*Id.*)  PCMA alleges that PBM contracts do not typically impose these duties.  (*Id.* ¶ 18.)  It also alleges that Section 4441(c)(2) imposes fiduciary duties on PBMs even if they are not named as plan fiduciaries and do not typically exercise the discretionary authority that would render them fiduciaries under ERISA.  (*Id.* ¶¶ 18–19.)  To come into compliance with Section 4441(c)(2), PBMs "will have to revise their business practices with respect to self-insured plans in light of these additional legal duties, including how they perform under existing contracts and how they negotiate future contracts."  (*Id.*)

**C.    This Action**

Based on the above, PCMA asserts one cause of action for ERISA preemption.  (*Id.* ¶¶ 58–61.)  It seeks a declaration that Section 4441(c)(2) is preempted by ERISA as applied to ERISA-covered plans, and an injunction prohibiting the State from enforcing Section 4441(c)(2) in that context.  (*Id.* ¶¶ 9, 58–6l, Prayer for Relief.)

The State moves to dismiss under Rule 12(b)(1) for lack of Article III standing, and under Rule 12(b)(6) for failure to state a claim for ERISA preemption.  (Mot. 1.)

3

### III.    LEGAL STANDARD

**A.    Rule 12(b)(1)**

Rule 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction.  As "standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under" Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Rule 12(b)(1) jurisdictional challenges can be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation modified).  A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings."  *Id*.  The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction.  *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  A court may allow a plaintiff to amend his or her complaint to clarify or expand his or her standing allegations.  *Arroyo v. Denaco, LLC*, No. 2:19-cv-03592-FMO (JEMx), 2020 WL 2477683, at *2 (C.D. Cal. Mar. 31, 2020).

**B.    Rule 12(b)(6)**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation modified).

4

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

As part of its jurisdictional attack under Rule 12(b)(1), the State brings a facial standing challenge and argues that PCMA lacks Article III standing because it fails to allege facts showing one or more of its members would otherwise have standing to sue in their own right. (Mot. 8–15.)

Standing is a prerequisite to federal jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). A suit "by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To show Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "At the pleadings stage, the plaintiff must allege sufficient facts that, taken as true, demonstrate each element of Article III standing." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023) (citation modified). To establish an injury in fact, a plaintiff must allege an injury that is "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560–61; *Spokeo*, 578 U.S. at 338.

The State does not dispute traceability or redressability. (*See generally* Mot.) It argues only that PCMA failed to plausibly allege an injury in fact. (*Id.* at 8–14.) The State contends that PCMA's two categories of alleged injuries—namely, PBMs being subject to a state regulatory scheme and their need to revise business practices—are insufficiently pleaded. (*Id.* at 9–13.) PCMA responds that its members are the objects of Section 4441(c)(2) and therefore suffer injury because they must alter their conduct to comply with the newly imposed fiduciary duties. (Opp'n 3–8, Dkt. No. 29.)

As an initial matter, PCMA advances a cognizable theory of injury. It alleges that PBMs are the objects of Section 4441(c)(2), which imposes fiduciary duties and, thus, requires PBMs to alter their business practices and incur compliance-related costs. (FAC ¶¶ 53–57.) Such allegations, if adequately supported, can establish an injury in fact, as regulated entities may suffer concrete harm when a statute compels them to alter their conduct or incur compliance costs. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014); *Meland v. WEBER*, 2 F.4th 838, 845 (9th Cir. 2021) ("When a plaintiff is the actual object of the government's regulation, then there is ordinarily little question that the action or inaction has caused him injury.").

However, PCMA's allegations do not move past this abstract theory. On a facial attack, the *Iqbal* pleading standard applies in assessing "the facial adequacy of allegations of standing." *Jones*, 74 F.4th at 1056. But here, as to PCMA's allegations regarding PBMs having to alter their business practices, PCMA offers only generalized assertions that PBMs "will have to revise their business practices,"

without explaining how the statute requires those changes. (FAC ¶¶ 9, 53–55.) For example, PCMA fails to identify the contractual provisions that must be altered to comply with Section 4441(c)(2). It also fails to describe how the statute's imposition of fiduciary duties translates into concrete operational changes to PBM services. PCMA's allegations lack the factual content necessary to render the asserted injury plausible. *Iqbal*, 556 U.S. at 678. Without such allegations, the Court is left to guess what conduct the statute requires and what burdens it imposes.

PCMA's allegations concerning compliance costs suffer from the same deficiency. A regulated entity suffers cognizable injury when a regulatory scheme "imposes concrete and particular burdensome requirements on a party," such as requiring a "particular change in the . . . industry's practices" or a "specific cost that [the plaintiff] must bear because of the increased risk of liability." *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1181 (9th Cir. 2018). Thus, to establish standing based on compliance burdens, a plaintiff must plausibly allege that the challenged law requires particular actions that give rise to concrete costs. *Int'l Partners for Ethical Care, Inc. v. Ferguson*, 146 F.4th 841, 849 (9th Cir. 2025). PCMA broadly alleges that, to comply with Section 4441(c)(2), PBMs will "have to adjust their compliance, oversight, and documentation protocols to defend against fiduciary-duty claims under state law" and thus "face the immediate cost of having to pay for additional liability insurance." (FAC ¶¶ 53–54.) But PCMA fails to allege that PBMs undertook or are required to undertake any actions vis-à-vis compliance, oversight, and documentation protocols or that Section 4441(c)(2) requires PBMs to assume the cost of additional liability insurance. PCMA simply assumes that the statute's imposition of fiduciary duties necessarily results in harm, without pleading facts showing how the imposition of these duties compels any specific costs on PBMs. Nor does PCMA connect these asserted costs to specific statutory duties, as opposed to discretionary or precautionary business decisions. *See Ferguson*, 146 F.4th at 849 (finding that the plaintiffs lacked standing where they alleged only "self-inflicted" damages resulting from "voluntary

actions" the plaintiffs took "in response to" the statutes at issue, "not because of any actual requirement that the [s]tatutes impose" (citation modified)).

PCMA attempts to overcome this deficiency by invoking the general principle that regulated entities need only allege that a statute requires them to alter their conduct. (Opp'n 3–4.) But that principle does not relieve PCMA of its obligation to plead sufficient facts showing that such alterations are plausible and non-speculative. *Iqbal*, 556 U.S. at 678. PCMA's generalized assertions do not meet this standard.

Finally, in an attempt to supply the missing factual detail in the First Amended Complaint, PCMA relies, in its opposition, on declaration testimony PCMA submitted in support of its motion for summary judgment. (Opp'n 3 n.1.) PCMA attempts to incorporate those declarations by reference here, (*id.*), and argues that those declarations "establish that PBMs must alter their conduct to comply with Section 4441(c)(2) and face immediate compliance costs," (*id.* at 5–6). Not so.

First, PCMA's First Amended Complaint does not reference or attach the declarations. (*See generally* FAC.) Thus, they cannot be incorporated by reference into the pleading. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (permitting incorporation by reference where the plaintiff's complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim"). Next, on a facial attack, the court examines the complaint as a whole to assess if the plaintiff has "alleged a proper basis of jurisdiction." *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005). "The court may not consider evidence outside the pleadings when deciding a facial attack." *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 662 (N.D. Cal. 2019). As the State brings a facial standing challenge, the Court must assess standing based on the allegations in PCMA's First Amended Complaint and may not rely on extrinsic evidence to fill in the missing factual details. *Id.* ("Because this is a facial challenge, the Court may not consider [the plaintiff's] declaration because it is extrinsic evidence not subject to judicial notice.").

As PCMA fails to plausibly allege Article III standing, the Court finds that it lacks jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* The Court may not "dilute[] the absolute purity of the rule that Article III jurisdiction is always an antecedent question" by assuming "hypothetical jurisdiction" to "resolve contested questions of law when its jurisdiction is in doubt." *Id.* at 101. "Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion." *Id.* Thus, the Court declines to address the State's additional arguments for dismissal. *See United States v. California*, 824 F. Supp. 3d 1079, 1085 (C.D. Cal. 2026) ("Because [standing] is a threshold defect that alone demands dismissal of the first amended complaint, the Court does not reach any other issue presented in the motions.").

In sum, although PCMA articulates a viable theory of injury, it fails to allege sufficient facts to show its members have suffered that injury. Specifically, PCMA fails to allege sufficient facts showing that Section 4441(c)(2) requires PBMs to alter their business practices and imposes concrete, non-speculative compliance burdens on PBMs. Thus, PCMA fails to allege an injury in fact required to establish Article III standing. Accordingly, the Court **GRANTS** the State's Motion and **DISMISSES** PCMA's First Amended Complaint. As amendment may cure these deficiencies, dismissal is **WITH LEAVE TO AMEND**.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the State's Motion to Dismiss, **WITH LEAVE TO AMEND**.  (Dkt. No. 27.)

PCMA may file an amended pleading to cure the deficiencies identified above. If PCMA chooses to amend, it must do so within **twenty-one (21) days** of the date of this Order, in which case the State shall answer or otherwise respond within **fourteen (14) days** of the filing.  If PCMA elects not to amend, all claims dismissed with leave to amend shall be deemed dismissed with prejudice as of the lapsed deadline, and the Court will close the case.

In light of this disposition, the Court **DENIES AS MOOT** PCMA's Motion for Summary Judgment, (Dkt. No. 24), and the State's Motion to Deny or Defer PCMA's Motion for Summary Judgment, (Dkt. No. 28), **WITHOUT PREJUDICE**, pending an amended pleading.

**IT IS SO ORDERED.**

July 24, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

10